

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSANDRA AMERSON, | No. 14-15249 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01071-RLH-RJJ |
| v. | |
| CLARK COUNTY; CLARK COUNTY DEPARTMENT OF JUVENILE SERVICES; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted February 8, 2016
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges and BREYER,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Consandra Amerson, a former employee of Clark County, appeals the district court's grant of summary judgment in favor of the County on her Americans with Disabilities Act ("ADA") claim. *See* 42 U.S.C. §§ 12101–12213. We agree with the district court that Amerson was judicially estopped from challenging the County's failure to reassign her given her earlier stipulation in a disability benefits settlement stating that her physical restrictions could not be accommodated by her employer. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

We also agree with the district court that Amerson was not a qualified individual under the ADA. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The County engaged in multiple efforts to find an alternative available position for which Amerson was qualified in light of her restrictions, and Amerson was not able to point to any evidence that the County had available positions to which it could have reassigned her. *See Wellington v. Lyon Cty. Sch.*, 187 F.3d 1150, 1155 (9th Cir. 1999). Finally, Amerson has failed to show that she was constructively discharged from her employment with the County. *See Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000).

**AFFIRMED.**